# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DANSHAYE WILLIAMS,**

    **Plaintiff,**

vs.                                Case No. 4:10cv463-WS/WCS

**JUSTIN WARD,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff's *in forma pauperis* motion, doc. 2, has been granted in a separate order entered this day and, thus, the complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff's complaint is brought against his criminal defense lawyer, who is an assistant public defender. Doc. 1. Plaintiff is currently detained at the Leon County Jail and it appears as though he is still facing criminal charges. *Id.* Plaintiff complains in this case that the Defendant does not have his best interest in mind, that he is trying to get Plaintiff to accept a plea offer, and is not properly representing Plaintiff. *Id.*

This case cannot proceed. Plaintiff initiated this case as a civil rights action under 42 U.S.C. § 1983. Doc. 1. Yet § 1983 imposes liability on one who, "acting under color of state law, deprives a person of 'any rights, privileges, or immunities secured by the Constitution and laws.'" Doe 1-13 By and Through Doe, Sr. 1-13 v. Chiles, 136 F.3d 709, 713 (11th Cir. 1998). Thus, to obtain relief, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000).

Representation by public defenders or even retained attorneys of persons accused of criminal offenses is not "state action" and thus gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors. Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). The law is clear that "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a public defender is not a "state actor" for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981).

Plaintiff has not demonstrated the existence of either a constitutional violation or that any act was taken by a "state actor" for purposes of § 1983.[1] The actions of defense counsel in representing Plaintiff are the acts of a private party and this case must be dismissed for failure to state a claim. Moreover, this Court has no authority to appoint another attorney to represent Plaintiff against pending state criminal charges.

---

[1] Plaintiff fails to even allege what constitutional right he believes has been violated. Doc. 1, p. 7.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 2, 2010.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**